IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH FORTUNE, | ) | |
| | ) | |
| Plaintiff, | ) | 2:04-cv-377 |
| v. | ) | |
| | ) | |
| CARL HAMBER, Unit Manager, | ) | |
| MARTIN L. DRAGOVICH, | ) | |
| Superintendent, | ) | |
| THOMAS L. JAMES, Chief Grievance | ) | |
| Coordinator, C.O. BASEMORE, Guard, | ) | |
| CAROL BAKER, Hearing Examiner, | ) | |
| C.O. LITCHARD, Guard, C.O. WIRT, | ) | |
| Sergent, C.O. HARMON, Sergeant, | ) | |
| ROBERT STEVENS, Unit Manager, | ) | |
| KAREN PATTERSON, Accountant, JEAN | ) | |
| W. SCOTT, Business Manager, DONALD | ) | |
| L. KECHNER, Superintendent and C.O. | ) | |
| CRAIG, Guard, | ) | |
| | ) | |
| Defendants. | | |

## MEMORANDUM OPINION AND ORDER OF COURT

Pending before the Court for consideration and disposition is a MOTION FOR DISQUALIFICATION OF MAGISTRATE JUDGE filed by Plaintiff Kenneth Fortune ("Fortune")(Document No. 58). Plaintiff has filed a Brief in Support of Disqualification (Document No. 61) and Defendants have filed a response (Document No. 59). After a thorough review of the parties' submissions and the legal authorities cited therein, the Court concludes that the Motion for Disqualification of Magistrate Judge should be DENIED.

### FACTUAL AND PROCEDURAL BACKGROUND

Mr. Fortune is an inmate at the State Correctional Institution -Greene County (SCI-

Greene) and is proceeding pro se. The underlying action contends that several employees at SCI-Greene violated Fortune's rights under the First, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

The instant Motion to Disqualify Magistrate Judge cites three instances of alleged misconduct. First, Fortune contends that the Magistrate Judge has failed to timely resolve a Motion for Temporary Restraining Order or Preliminary Injunction. Second, Fortune contends that the Magistrate has failed to require Defendants to file papers in opposition to Plaintiff's motions prior to ruling, such that the Magistrate was engaging in the "forbidden practice of private litigation." Third, Fortune asserts that the Magistrate Judge erred by not holding Defendants' counsel in contempt. In summary, Fortune argues that the Magistrate Judge should be removed because of an appearance of personal bias and partiality.

## DISCUSSION

As both sides recognize, the standard governing recusal of Magistrate Judges is set forth in 28 U.S.C. § 455(a), which provides that a Magistrate Judge "shall disqualify [herself] in any proceeding in which [her] partiality might reasonably be questioned." A Magistrate Judge must preserve not only the reality of impartiality, but also must avoid the *appearance* of bias. *Lewis v. Curtis*, 671 F.2d 779, 789 (3d Cir. 1982) (rev'd on other grounds)(citing *Commonwealth Coatings Corp. v. Continental Casualty Co.*, 393 U.S. 145, 150 (1968)).

However, a Magistrate Judge has a complementary duty ***not*** to recuse if there are not sufficient facts to cause a reasonable person to question her impartiality. *Harris v. Philadelphia Police Dept.*, 2006 WL 3025882 *2 (E.D. Pa. Oct. 20, 2006). Disqualification due to an

2

"appearance of impartiality" cannot be premised on the mere fact that a judicial officer has ruled in favor of the other side. *Liteky v. United States*, 510 U.S. 540, 555 (1994). The disappointed party's remedy when it is disappointed by a decision is, except in rare instances, an appeal, not a recusal. *Id.* Similarly, opinions formed by the Magistrate Judge on the basis of the facts and arguments set forth in the course of the legal proceeding "do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id*.

      Mr. Fortune makes no allegations of "extrajudicial" bias, but instead his allegations relate solely to the Magistrate Judge's conduct during the legal proceedings. Plaintiff has not demonstrated the type of deep-seated favoritism or antagonism that would justify disqualification. No inference of partiality can be drawn from the Magistrate Judge's delay in resolving a motion, even one seeking expedited relief. Although the Court understands and appreciates the parties' interest in the swift resolution of motions, there are many cases clamoring for the Magistrate Judge's attention, and any delay in resolving the motion impacts each side. The Court notes that motions for injunctive relief seek an extraordinary remedy and decisions on such motions are reviewed only for abuse of discretion. Similarly, the Magistrate Judge's decision not to require Defendants to file a response to certain of Plaintiff's motions does not demonstrate partiality or bias. As Local Rule 7.1(E) states, briefs and oral argument may not be necessary for non-dispositive motions and it is within the Magistrate Judge's discretion to not order a response. The docket reflects that the Magistrate Judge *has* required responses from Defendants when appropriate. *See, e.g.* Document No. 62 (setting date for responses to summary judgment motions). Finally, the decision not to hold defense counsel in contempt of court does

not demonstrate bias.  As the Exhibit attached to Defendants' Response demonstrates, defense counsel was not acting in contempt of court.  Counsel's letter of March 6, 2006 merely explained that the Office of the Attorney General was not authorized to accept service on behalf of the individual defendants.  *See* Fed. R. Civ. P. 4(d)(2)(A) (service must be addressed directly to the individual).  As noted above, the Plaintiff's remedy for a decision with which he disagrees is appeal, not recusal.  *See* November 1, 2006 Order of Court (Document No. 50).

In summary, this Court finds that the Magistrate Judge's impartiality cannot reasonably be questioned.  The Motion for Disqualification will be denied.

An appropriate order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KENNETH FORTUNE,** | ) | |
| | ) | |
| Plaintiff, | ) | 2:04-cv-377 |
| v. | ) | |
| | ) | |
| **CARL HAMBER, Unit Manager,** | ) | |
| **MARTIN L. DRAGOVICH,** | ) | |
| **Superintendent,** | ) | |
| **THOMAS L. JAMES, Chief Grievance** | ) | |
| **Coordinator, C.O. BASEMORE, Guard,** | ) | |
| **CAROL BAKER, Hearing Examiner,** | ) | |
| **C.O. LITCHARD, Guard, C.O. WIRT,** | ) | |
| **Sergent, C.O. HARMON, Sergeant,** | ) | |
| **ROBERT STEVENS, Unit Manager,** | ) | |
| **KAREN PATTERSON, Accountant, JEAN** | ) | |
| **W. SCOTT, Business Manager, DONALD** | ) | |
| **L. KECHNER, Superintendent and C.O.** | ) | |
| **CRAIG, Guard,** | ) | |
| | ) | |
| **Defendants.** | | |

**ORDER OF COURT**

AND NOW, this 7th day of December, 2006, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED and DECREED** that the MOTION FOR DISQUALIFICATION OF MAGISTRATE JUDGE filed by Plaintiff Kenneth Fortune ("Fortune")(Document No. 58) is **DENIED**.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: KENNETH FORTUNE
AY-9297
SCI Greene
175 Progress Drive
Waynesburg, PA 15370

Mariah Passarelli, Esquire
Email: mpassarelli@attorneygeneral.gov

Lisa Pupo Lenihan
U.S. Magistrate Judge