IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KENNETH FORTUNE,                        )
                                        )
                 Plaintiff,             )
                                        )
        vs.                             )    Civil Action No. 04 - 377
                                        )
CARL HAMBERGER, Unit Manager;           )    Judge Terrence F. McVerry
MARTIN L. DRAGOVICH,                    )    Magistrate Judge Lisa Pupo
Superintendent; THOMAS L.               )    Lenihan
JAMES, Chief Grievance                  )
Coordinator; C.O. BASEMORE,             )
Guard; CAROL BAKER, Hearing             )
Examiner; C.O. LITCHARD, Guard;         )
C.O. WIRT, Sergent; C.O. CRAIG,         )
Guard; C.O. HARMON, Sergeant;           )
ROBERT STEVENS, Unit Manager;           )
KAREN PATTERSON, Accountant;            )
JEAN W. SCOTT, Business                 )
Manager; DONALD L. KECHNER,             )
                 Defendants.            )


### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.**      **RECOMMENDATION**

        For the reasons that follow, it is respectfully
recommended that Defendants' Partial Motion to Dismiss (doc. no.
68) be granted.

**II.**     **REPORT**

        Plaintiff, Kenneth Fortune, an inmate incarcerated at the
State Correctional Institution at Greene, Pennsylvania (SCI-
Greene), commenced this action pursuant to the Civil Rights Act of
1871, 42 U.S.C. § 1983.  Named as Defendants are present and/or
former employees of the Pennsylvania Department of Corrections
(DOC).  Plaintiff claims that Defendants have violated his rights
as protected by the First, Fifth, Eighth and Fourteenth Amendments
of the United States Constitution by:  1) restricting his ability

to have his "core legal material" in his RHU cell; opening his legal mail outside of his presence; ordering him to see a psychologist; issuing him retaliatory false misconducts; subjecting him to a retaliatory transfer; denying him exercise, showers, and hygiene materials; changing his migraine medication; and taking all of his funds from his prison account.

### A. Standard of Review

Defendants have filed a partial motion to dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6) (doc. no. 68). The complaint must be read in the light most favorable to the plaintiff and all well-pleaded, material allegations in the complaint must be taken as true. Estelle v. Gamble, 429 U.S. 97 (1976). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, ___U.S. ___, 127 S.Ct. 1964-65. In other words, "factual allegations must be enough to raise a right to relief above the speculative level." Id. at 1955. It is not proper for the court to assume that "the [plaintiff] can prove facts which [he or she] has not alleged, or that the defendants have violated the ... laws in ways that have not been alleged." Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).

### C. Defendants' Partial Motion to Dismiss

1.        Limitations Period

Defendants first argue that Plaintiff's claims are subject to the applicable statute of limitations. In this regard,

Plaintiff is seeking recovery against Defendants under 42 U.S.C. § 1983.  The limitations period for civil actions brought under 42 U.S.C. § 1983 is determined by state law.[1]  Under Pennsylvania law, the applicable limitations period for civil rights actions asserted under 42 U.S.C. § 1983 is two years.  *See* 42 Pa. Cons. Stat. § 5524.

Plaintiff's Motion for Application to Proceed *In Forma Pauperis* is dated March 5, 2004.  Due to the two-year limitations period, Plaintiff cannot impose liability against Defendants under 42 U.S.C. § 1983 for events that occurred prior to March 5, 2002.  Plaintiff admits that the relevant seizure of his "core legal materials" occurred in the year 1999 but asserts that this seizure amounted to a "continuing practice" that would effectively toll the limitations
period.

The date when a civil rights action accrues (begins to run) is a matter of federal law.  Albright v. Oliver, 510 U.S. 266, 280 n.6 (1994) (J. Ginsburg, concurring).  A claim accrues when the plaintiff becomes aware, or should have become aware, of both the fact of injury and its causal connection to the Defendant.  *See* Delaware State College v. Ricks , 449 U.S. 250, 258 (1980) (it is the wrongful act that triggers the start of the limitations period); Keystone Ins. Co. v. Houghton, 863 F.2d 1125, 1127 (3d Cir. 1988) (a federal cause of action accrues when the plaintiff is

---

1.    *See* Wilson v. Garcia, 471 U.S. 261, 272-76 (1985) (42 U.S.C. § 1983).

aware, or should be aware, of the existence of and source of injury, not when the potential claimant knows or should know that the injury constitutes a legal wrong).

Here, Plaintiff knew or should have known of the injury when is materials were taken in 1999. Time-barred claims cannot be resurrected by being aggregated and labeled continuing violations. O'Connor v. City of Newark, 440 F.3d 125, at 128-129 (3d Cir. 2006). Thus, Defendants' Partial Motion to Dismiss should be granted as to the applicable statute of limitations for this action.

2. Supervisory Liability

Next, Defendants argue that Plaintiff has failed to adequately allege personal involvement against defendants Hamberger, Dragovich, James, Baker, Bitner, Stevens, Andrade, Folino, and Burk. To establish personal liability against a defendant in a section 1983 action, that defendant must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior. Rizzo v. Goode, 423 U.S. 362 (1976). Accordingly, individual liability can be imposed under section 1983 only if the state actor played an "affirmative part" in the alleged misconduct. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988); Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986). Personal involvement by a defendant can be shown by alleging either personal direction or actual knowledge and acquiescence in a subordinate's actions. Rode, 845 F.2d at 1207. "Allegations of participation or actual

4

knowledge and acquiescence, however, must be made with appropriate particularity." *Id*. *See also* <u>Evancho v. Fisher</u>, 423 F.3d 347, 353 (3d Cir. 2005).

Moreover, a supervising public official has no affirmative constitutional duty to supervise and discipline so as to <u>prevent</u> violations of constitutional rights by his or her subordinates.  Notwithstanding, when a supervising official <u>knowingly permits</u> a continuing custom or policy that results in harm to the plaintiff, 1983 liability may attach.  <u>Colburn v. Upper Darby Township</u>, 838 F.2d 663, 673 (3d Cir. 1988), *cert.* *denied*, 489 U.S. 1065 (1989) (Colburn I).  In order to maintain a claim for supervisory liability, a plaintiff must show: 1) that the supervising official personally participated in the activity; 2) that the supervising official directed others to violate a person's rights; or 3) that the supervising official had knowledge of and acquiesced in a subordinates' violations.  *See* <u>Robinson v. City of Pittsburgh</u>, 120 F.3d 1286, 1293 (3d Cir. 1997); <u>Baker v. Monroe Twp.</u>, 50 F.3d 1186, 1190-91 (3d Cir. 1995).

Plaintiff asserts that Defendants Hamberger, Dragovich, James, Baker, Bitner, Stevens, Andrade, Folino, and Burk have personal involvement by virtue of their involvement in his grievances and misconducts.  This Court disagrees.  "A civil rights complaint is adequate where it states the conduct, time, place, and persons responsible." <u>Evancho v. Fisher</u>, 423 F.3d at 353.  As Defendants point out, Plaintiff's Amended Complaint fails to allege facts that, if proven, would show that Defendants Hamberger,

Dragovich, James, Baker, Bitner, Stevens, Andrade, Folino, and Burk had any personal involvement in the alleged violations of Plaintiff's constitutional rights.

Plaintiff's assertion that any of the Defendants are liable due to their involvement in reviewing and/or affirming the misconduct decisions and through their unfavorable treatment to his inmate requests and greivances does not state a constitutional violation. First, as Defendants point out, the filing of a grievance is not sufficient to show the actual knowledge necessary for personal involvement. <u>Rode</u>, 845 F.2d at 1208. Moreover, mere concurrence in a prison administrative appeal process does not implicate a constitutional concern. <u>Garfield v. Davis</u>, 566 F. Supp. 1069, 1074 (E.D. Pa. 1983) (holding that administrative review of prison disciplinary hearings is not constitutionally guaranteed and, therefore, plaintiff's claims with respect to the Program Review Committee's decision did not rise to constitutional significance); <u>Harmon v. Divirgilis</u>, 2005 WL 387591 (E.D. Pa. Feb. 16, 2005) (there is no constitutional right to administrative review of prison disciplinary proceedings); <u>Croom v. Wagner</u>, 2006 WL 2619794, *4 (E. D. Pa. Sept. 11, 2006) (holding that neither the filing of a grievance nor an appeal of a grievance is sufficient to impose knowledge of any wrongdoing); <u>Ramos v. Pennsylvania Dept. of Corrections</u>, 2006 WL 2129148, *2 (M. D. Pa. July 27, 2006) (holding that the review and denial of the grievances and subsequent administrative appeal does not establish personal involvement).

Here, Plaintiff's allegations against the moving Defendants are predicated solely on those individuals' participation in the grievance and/or misconduct process. Specifically, Plaintiff's sole allegations against Defendants Hamburger, Dragovich, James, Stevens, Folino and Burk are that they denied his grievances and appeals. As a matter of law this is an insufficient basis for a finding of personal involvement for § 1983 purposes. See <u>Rode</u>, 845 F.2d at 1208; <u>Jefferson v. Wolfe</u>, 2006 WL 1947721, *17 (W. D. Pa. July 11, 2006). Plaintiff's sole allegation against hearing examiners Baker and Andrade is that they found him guilty of misconducts issued by other corrections officials. Plaintiff does not allege that they actually participated in the complained of conduct. Plaintiff's sole allegation against defendant Bitner is that he subsequently upheld a misconduct conviction on appeal. This participation in prison administrative procedures is an insufficient predicate for personal involvement on these individuals. <u>Watkins v. Horn</u>, 1997 WL 566080, *4 (E.D.Pa. 1997); <u>Garfield</u>, 566 F.Supp. at 1074. As Plaintiff has failed to adequately allege personal involvement against defendants Hamberger, Dragovich, James, Baker, Bitner, Stevens, Andrade, Folino, and Burk, Defendants' Partial Motion to Dismiss should be granted as to these Defendants.

3. <u>State law Claims</u>

Defendants further seek dismissal of Plaintiff's state law claims. In his Response, Plaintiff states that he is not

raising any state law claims.  Consequently, Defendants' Partial Motion to Dismiss should be granted as to state law claims.

## III.  <u>CONCLUSION</u>

For the reasons set forth above, it is respectfully recommended that Defendants' Partial Motion to Dismiss (doc. no. 68) be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have ten (10) days from the date of service of the objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

Lisa Pupo Lenihan
U.S. Magistrate Judge

Dated:  August 29, 2007

cc:  The Honorable Terrence F. McVerry
     United States District Judge

     Kenneth Fortune
     AY-9297
     SCI Greene
     175 Progress Drive
     Waynesburg, PA 15370