IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH FORTUNE, ) | |
| ) | Civil Action No. 04-377 |
| Plaintiff, ) | |
| ) | Judge Terrence F. McVerry |
| v. ) | Magistrate Judge Lisa Pupo Lenihan |
| ) | |
| KAREN PATTERSON, Accountant; and ) | |
| JEAN W. SCOTT, Business Manager ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

The above captioned complaint was received by the Clerk of Court on March 11, 2004, and was referred to United States Magistrate Judge Lisa Pupo Lenihan for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and former Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.  After a lengthy procedural history, Defendants' Second Motion for Summary Judgment (Doc. No. 101) was filed on October 16, 2008.  The Magistrate Judge's Report and Recommendation (Doc. No. 118), filed August 13, 2009, recommended granting summary judgment to all remaining defendants in this suit.  Plaintiff timely filed his Objections (Doc. No. 119) on August 28, 2009.  This Court's review of the Report and Recommendation is *de novo*.

Plaintiff's arguments in his Objections can be placed into two categories.  First, Plaintiff argues that Defendant Scott violated his due process rights when she conducted what he characterizes as an inadequate review of his grievances with respect to deductions being made from his prisoner trust account pursuant to a court order stemming from prior litigation to which Plaintiff was a party.  See Objection to Report and Recommendation (Doc. No. 119), at 3.  Second, Plaintiff argues that the requirements for collecting costs taxed against a prisoner-plaintiff under 28 U.S.C.

§ 1915 create a federal right that is actionable under 42 U.S.C. § 1983. This Court takes notice that Plaintiff makes no specific objection to the dismissal of his claims against Defendant Patterson.

With respect to Plaintiff's first argument, this Court recognizes that Defendant Scott was not involved in the taking at issue - i.e. the costs that were taxed against Plaintiff in his prior litigation in the Middle District of Pennsylvania. See Fortune v. Horn, No. 98-1724 (M.D.Pa. Oct. 25, 2000). The assessment of the costs against Plaintiff's prisoner trust account was made not by Defendant Scott, but apparently by one Denise Shade. See Defs.' Second Mot. for Summ. J., Ex. 1 (Doc. No. 101-2), at 2. Furthermore, the record indicates that Defendant Scott's involvement with this issue was only in responding to the grievance numbers 58868 and 611210, which were filed by Plaintiff almost two years after the assessment was made. See Defs.' Second Mot. for Summ. J., Ex. 2 (Doc. No. 101-2), at 2; see also Pl.'s Supplementary App., Ex. 1 (Doc. No. 116-2). It is well established that there is no constitutional right to an administrative grievance process. See, e.g., Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988); see also Brown v. Dodson, 863 F.Supp. 284, 285 (W.D.Va.1994). As such, even though Defendant Scott apparently came to an incorrect conclusion in her adjudication of Plaintiff's grievances, this was not the violation of any federal right, and thus is not actionable under 42 U.S.C. § 1983.

With respect to Plaintiff's second argument, this Court is unpersuaded by Plaintiff's assertion that the assessment of his account at a rate contrary to that set out by 28 U.S.C. § 1915 violates a federal right. First, as the Report and Recommendation properly recognizes, there is no constitutional right for a prisoner to proceed *in forma pauperis* in cases where the necessities of life, "'including adequate food, clothing, shelter, and medical care'" are not at issue. Atchison v. Collins, 288 F.3d 177, 181 (5th Cir. 2002) (citing Tucker v. Branker, 142 F.3d 1294, 1298 (D.C. Cir. 1998)).

Second, Plaintiff's argument that the unlawfully high rate of deductions from his prisoner trust account interferes with his right of access to the courts is without merit because Plaintiff fails to allege any frustrated non-frivolous or arguable underlying claim, which is required in order to proceed on such a legal theory.  See Christopher v. Harbury, 536 U.S. 403, 415 (2002).

Upon independent review of the Record, and upon consideration of the Report and Recommendation, and the objections thereto, the following order is entered:

**AND NOW**, this 28th day of September, 2009;

**IT IS HEREBY ORDERED** that Defendants' Second Motion for Summary Judgment (Doc. No. 101) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation (Doc. No. 118) of Magistrate Judge Lenihan, dated August 13, 2009, is adopted as the opinion of the court.

**IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Plaintiff has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

 s/Terrence F. McVerry  
Terrence F. McVerry  
United States District Judge

cc:    Kenneth Fortune
       AY-9297
       SCI-Frackville
       301 Morea Road
       Frackville, PA 17932

       Mariah Passarelli
       Office of the Attorney General
       Email: mpassarelli@attorneygeneral.gov

       Douglas B. Barbour
       Office of Attorney General
       Email: dbarbour@attorneygeneral.gov